15-957-cv, 15-1272-cv
*Howard v. United Parcel Service, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARK HOWARD,
                *Plaintiff-Appellant-Cross-Appellee,*

                    v.                          15-957-cv, 15-1272-cv

UNITED PARCEL SERVICE,
                *Defendant-Appellee-Cross-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT-          Philip Marcel Black, Sheldon Karasik, Andrew
CROSS-APPELLEE:                   Rozynski, Eisenberg & Baum LLP, New York, New
                                 York.

FOR DEFENDANT-APPELLEE-           Michael T. Bissinger, Day Pitney LLP,
CROSS-APPELLANT:                  Parsippany, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Plaintiff-appellant-cross-appellee Mark Howard ("Howard") appeals from an amended judgment entered April 2, 2015 following the district court's granting of summary judgment in favor of defendant-appellee-cross-appellant United Parcel Service ("UPS") dismissing his claims of discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-17, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* UPS cross-appeals from the district court's ruling that one aspect of Howard's claim under the ADA was not time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Howard, who is hearing impaired, has worked at UPS in various jobs since 1999. In 2009, he began efforts to become a full-time driver. In April 2010, he enrolled in a six-day Driver Training Class ("DTC") but was unable to complete it because he missed one day due to car trouble. He took the course again in May 2010 and completed it, but then failed portions of the final examination twice. He requested an American Sign Language ("ASL") interpreter for both courses; UPS declined that

request, but provided a number of other accommodations, including a seat in the front row, the right to ask the instructor to face the class whenever possible, and extra time to take the written examination.

Eventually, Howard completed the DTC and passed the examination, with accommodations similar to what he had previously been provided. He began work as a driver in September 2012, but in January 2013, while backing down a customer's driveway in a UPS truck, he hit a basketball hoop. He failed to report the accident, and was fired. Subsequently, after consultation with his Union, UPS reduced the termination to a 30-day suspension and Howard returned to a prior position as part-time car washer.

Howard thereafter filed charges of discrimination with the Equal Employment Opportunity Commission and New York State Division of Human Rights. Eventually, he brought the action below, alleging principally that UPS discriminated against him by not providing an ASL interpreter for the April 2010 and May 2010 DTCs, resulting in his failing the final examination.

We affirm the district court's grant of summary judgment dismissing Howard's claims, substantially for the reasons given by the district court in its amended opinion and order. We emphasize the following.

First, a reasonable jury could not have found in favor of Howard with respect to the April 2010 course because, as the undisputed facts showed, he was unable

to complete the mandatory six-day course because of car trouble: he did not attend one of the sessions.

Second, with respect to the May 2010 course, a reasonable jury could only have concluded that Howard had not shown a causal link between the lack of an ASL interpreter and his failure to pass the exam. *See Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001) (holding that it is "essential to a finding of discrimination that plaintiff's disability, or the lack of accommodation to that disability, played a 'substantial' role that 'made a difference' to his employer's actions") (citing *Fields v. New York State Office of Mental Retardation and Developmental Disabilities*, 115 F.3d 116, 120 (2d Cir. 1997)). The portion of the test that Howard failed was based on written materials he had received twice before. After he failed the test the first time, the instructor reviewed the material he needed to learn to pass, and allowed him to take the exam again. Unfortunately, he did not pass. Moreover, he did pass the DTC examination in 2012 without the assistance of an ASL interpreter, undercutting his argument that an interpreter was vital to his ability to pass the exam.

We have reviewed the parties' remaining arguments on appeal and conclude they are without merit. In light of our disposition of Howard's appeal, we need not reach the merits of UPS's cross-appeal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk